## T. J. POWELL VS. CHAS. HICKS, SHERIFF, ET AL.

GUNBY, J.   The rule that tax titles are *prima facie* valid sales and cannot be attacked collaterally, does not apply ·where there is any defect or nullity apparent on the face of the deed.  31 An. 661.   In every case where the Supreme Court has refused to permit a tax sale to be attacked indirectly, they have said that there appeared no defect or illegality on the face of the deed.

·2.   There is no law which authorizes a tax collector to execute and sign deeds to property sold by his predecessor.   The law contemplates that the collector shall sell for cash and make an immediate deed.   If he neglects to do so and goes out of office, there are different opinions as to whether his successor should make the deed, or he should make it after the expiration of his term.   It is generally held that either the ex-officer or his successor can make the deed.  Blackwell on Tax Titles, pp. 375, 376, (1st edition).

3.   In the present case the deed was made by the successor six weeks after the sale purports to have been made, and we hold that such a deed, though confirmed by the auditor, is not *prima facie* valid—on its face it is not such a deed as the law and Constitution make binding evidence in our courts.

4.   But said deed does not show that there were any defects in said tax sale, and as it is the adjudication that makes the sale (C. P. 695 ; C. C. 2608), we think that the plaintiff should have the right to prove *aliunde* the regularity and legality of the sale made to him.   For this purpose the case is remanded, with leave ·to·both parties to inquire *into the validity of the tax sale under which plaintiff claims.*

5.   Plaintiff cannot oppose objections to the proceedings of a creditor under a mortgage with the *pact de non alienando*, until he shows that he has a title to the land proceeded against.